IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV181

| | |
|---|---|
| DITCH WITCH OF CHARLOTTE, INC., ) <br> d/b/a Ditch Witch of the Carolinas, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> BANDIT INDUSTRIES, INC., ) <br> ) <br> Defendant. ) <br> _____) | ORDER |

This matter is before the Court upon Defendant's Motion for Reconsideration of the Court's Order of May 11, 2015 allowing Plaintiff to take early discovery. In its May 11 Order, the Court granted Plaintiff's Motion for Leave to Take Early Discovery pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure and Local Rule 16.1(F). Defendant seeks reconsideration, arguing that the Plaintiff failed to show good cause because the discovery motion is premature, the discovery requests are not narrowly tailored, and the Plaintiff has failed to show that it will suffer irreparable harm. The Court finds that Defendant's arguments are without merit.

Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits discovery prior to conferral as required by Rule 26(f) "except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Local Rule 16.1(F) provides that:

> Court enforceable discovery does not commence until issues have joined
> and a Scheduling Order is entered. If a party believes that early court
> sanctioned discovery is warranted, such party may file a motion for leave to
> take early discovery therein showing good cause.

Defendant contends that Plaintiff has failed to show good cause because its motion was premature.  Plaintiff has not yet moved for a temporary restraining order or preliminary injunction.  Defendant cites several cases from district courts in North Carolina in support of its argument that early discovery is premature in the absence of a pending motion for preliminary injunction.  However, none of the cases relied upon by Defendant stand for the proposition that the absence of a pending motion is dispositive.  While it is true that Plaintiff has yet to file a formal motion, its Complaint requests relief in the form of a preliminary and permanent injunction.

Defendant next argues that the Plaintiff's discovery requests are not narrowly tailored and go beyond the bounds of what is necessary for a preliminary injunction motion.  The Court has reviewed the discovery requests in light of the allegations in the Complaint and finds that the requests are sufficiently limited and are not overly burdensome or overbroad.

Lastly, Defendant argues that Plaintiff has failed to show that it will incur irreparable harm without a grant of expedited discovery.  Specifically, Defendant asserts that Plaintiff has not made a showing that its alleged damages related to the non-renewal of the Agreement at issue cannot be adequately remedied by a monetary judgment.   Irreparable harm must certainly be shown in order to prevail on a motion for preliminary injunction.  At this stage in the litigation, the Court finds that Plaintiff's Complaint adequately sets forth and specifically alleges irreparable harm.

Defendant moves in the alternative for leave to conduct its own expedited discovery, including taking the depositions of three of Plaintiff's employees within the next thirty days and an expedited Request for Production of Documents. Plaintiff does not object to the depositions or Requests 2 and 3 of the Request for Production. However, Plaintiff argues that Requests 1 and 4, which seek documents from 2004 to present, is grossly overbroad given that the parties were operating under a different dealer agreement prior to 2007. The Court agrees.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration is hereby DENIED for the reasons stated herein. Defendant's request to engage in limited reciprocal discovery is hereby granted except as to Requests 1 and 4 of Defendant's Requests for Production of Documents.

Signed: May 22, 2015

Graham C. Mullen
United States District Judge